IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KEVIN DALE BROACH                                                                                    PLAINTIFF

v.                                  Civil No.        4:23-cv-04064-SOH-MEF

SERGEANT CHETT STUBBS;
DEPUTY ISSIAC ALVARADO;
JAILER SYNAMIN GARRETT; and
JAILER WHITNEY HIGGINS                                                                            DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Kevin Dale Broach, an inmate of the Sevier County Jail, filed this action pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a).  Pursuant to § 1915A(a), the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

I.      **BACKGROUND**

Plaintiff originally filed his Complaint on July 6, 2023.  (ECF No. 1).  On the same day, Plaintiff submitted his Application to Proceed *in forma pauperis* ("IFP Motion"), which the Court granted.  (ECF Nos. 2-3).

In his Complaint, Plaintiff makes six claims against four Defendants.  First, Plaintiff makes two separate excessive force claims.  The first excessive force claim is asserted against

1

Defendants Garrett and Alvarado. This use of force centers around the forcible removal of Plaintiff's property at booking. (ECF No. 1, p. 4). The second excessive force claim is asserted against Defendants Garrett and Stubbs. This use of force centers around the "dragging" of Plaintiff from the interrogation room. (ECF No. 1, p. 6).

Next, Plaintiff claims he was denied medical care for the injuries he suffered during the excessive force incidents. This claim is asserted against Defendants Garrett and Alvarado. (ECF No. 1, pp. 4-6).

Plaintiff also alleges his constitutional rights were violated when his personal property, a truck, was forcibly taken from him; and then, released improperly by Defendants Alvarado and Garrett to an unknown person. (ECF No. 1, p. 4).

Plaintiff then alleges his First Amendment rights were violated when he was denied his mail by Defendants Higgins and Garrett. (ECF No. 1, pp. 7-8).

Finally, Plaintiff claims Defendant Higgins subjected him to cruel and unusual punishment by denying him a proper diet in compliance with his tomato allergy. (ECF No. 1, p. 12).

Plaintiff brings his claims against all Defendants in both their official and individual capacities. For relief, Plaintiff requests compensatory and punitive damages for his physical injuries and loss of his property.

## II.     APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be

false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001). Here, Plaintiff fails on one claim, but the other five should survive for service.

### A.  Deprivation of Personal Property

Plaintiff claims Defendant Alvarado forcefully removed his personal property from his person so Defendant Garrett could log the property in during booking. Defendant Alvarado then took Plaintiff's truck keys without Plaintiff's consent. Plaintiff then suffered a seizure and lost consciousness. At some point after this medical event, Plaintiff's truck was released to "unknown persons" without Plaintiff's consent. Plaintiff claims Defendants Alvarado and Garrett caused this unauthorized release.

Plaintiff's allegations against Defendants Alvarado and Garrett regarding his truck are

tantamount to a claim of conversion under Arkansas state law. *See Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). However, even if Defendants Alvarado and Garrett intentionally deprived Plaintiff of his truck through conversion, Plaintiff has adequate post-deprivation remedies to pursue. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *see also Barnett v. Centoni*, 31 F.3d 813, (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under Section 1983 if state has adequate post-deprivation remedy). Accordingly, because Plaintiff could seek redress in Arkansas state courts for a claim of conversion, he has no cognizable claim pursuant to Section 1983.

### B.  Remaining Claims

Plaintiff's claims for excessive force, denial of medical care, First Amendment violations, and cruel and unusual punishment should survive screening as he has stated enough facts, in each claim, to state a claim to relief that is plausible on its face. *See Bell*, 550 U.S. at 570. All Defendants should also remain for service.

### IV.  CONCLUSION

For these reasons, it is recommended that Plaintiff's claim of deprivation of personal property against Defendants Alvarado and Garrett be **DISMISSED** with prejudice; and that Plaintiff's claims of excessive force, denial of medical care, First Amendment violations, and cruel and unusual punishment alleged against Defendants Stubbs, Alvarado, Garrett, and Higgins shall remain for service.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of August 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE