IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KEVIN DALE BROACH                                                                                    PLAINTIFF

v.                                          Case No. 4:23-cv-4064

SERGEANT CHETT STUBBS;
DEPUTY ISSIAC ALVARADO;
JAILER SYNAMIN GARRETT; and
JAILER WHITNEY HIGGINS                                                                          DEFENDANTS

## ORDER

Before the Court is Plaintiff Kevin Dale Broach's failure to comply with Orders of the Court and to prosecute this matter. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on July 6, 2023. ECF No. 1. Plaintiff submitted an Application to proceed *in forma pauperis* ("IFP") with his Complaint. ECF No. 2. The Court granted Plaintiff's IFP Application that same day, and further stated that:

> Plaintiff is advised that he is required to immediately inform the Court of any change of address. **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address.**

ECF No. 3 (emphasis in original).

On October 10, 2023, the Court entered an Order adopting a screening Report and Recommendation and dismissing Defendants Alvarado and Garrett from this matter. ECF No. 12. This Order was mailed to Plaintiff at his address of record at the Sevier County Jail. It was returned as undeliverable mail on October 25, 2023. ECF No. 17. Pursuant to the Court's July 6, 2023 Order, Plaintiff was provided thirty (30) days to inform the Court of his current address. He has failed to do so.

Additionally, on October 23, 2023, Defendants filed a Motion for Summary Judgment on the limited issue of exhaustion.[1] ECF No. 13. The Court then directed Plaintiff to respond to this Motion for Summary Judgment by November 14, 2023. ECF No. 16. This Order was mailed to Plaintiff at his address of record at the Sevier County Jail. The Order was returned as undeliverable mail on November 17, 2023. ECF No. 18. Plaintiff has not communicated with the Court since originally filing his Complaint and IFP Application on July 6, 2023. ECF Nos. 1 & 2.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits

---

[1] This Motion was filed pursuant to the Court's September 8, 2023 Bench Order which stayed all discovery until the issue of exhaustion was resolved. ECF No. 11. Accordingly, no discovery has been conducted in this matter, and the pending Motion for Summary Judgment addresses the issue of exhaustion alone.

unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

Here, Plaintiff has failed to prosecute this case and comply with the Court's Orders. Specifically, Plaintiff has failed to keep the Court apprised of his current address. However, the Court does not find dismissal with prejudice is warranted here. While Defendants have filed a Motion for Summary Judgment, it is one addressing only the issue of exhaustion. Further, no resources have been expended on lengthy discovery or litigation at this juncture. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds Plaintiff's Complaint (ECF No. 1) should be and is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of December 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge